VEUANCIO CARVALHO *v.* LUIZ RODRIGUES GAS-
PAR, ADMINISTRATOR OF THE ESTATE OF
MANUEL CALDEIRA, DECEASED INTESTATE,
ET AL.

No. 1432.

ERROR TO CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED JUNE 1, 1923.                     DECIDED JULY 30, 1923.

PETERS, C. J., AND CIRCUIT JUDGES ANDRADE AND O'BRIEN
IN PLACE OF PERRY AND LINDSAY, JJ., DISQUALIFIED.

SPECIFIC PERFORMANCE—*payment or tender before suit.*

> Where a vendee in a contract of sale of real estate fails to
> pay or tender the full amount of the purchase price required by
> the terms of the contract as a condition precedent to a convey-
> ance to him, he is not entitled to specific performance to enforce
> such conveyance.

OPINION OF THE COURT BY PETERS, C. J.

This is a suit in equity for the specific performance
of a contract of sale of real estate brought by the vendee
against the heirs at law and the administrator of the
estate of the deceased vendor.

All the respondents demurred to the bill (as amend-
ed), the separate demurrer of the administrator alleging
among other grounds, that the complainant upon the
allegations of his bill, was not entitled to the relief
prayed or to any relief against or from the respondent,
under which he urges that it does not appear from the
bill that the vendee fully paid and/or tendered the total
amount of the purchase price and interest as required by
the contract. The demurrer of the administrator was
sustained and the bill dismissed.

The errors assigned proceed upon the theory that both the joint demurrer of the heirs at law and the separate demurrer of the administrator were sustained by the circuit judge. No decree, however, appears to have been entered other than the one sustaining the demurrer of the administrator, and hence only the assignments affecting that decree will be considered.

The contract of sale upon which the within action is predicated is dated August 26, 1919. By its terms the vendor in consideration of the sum of $950 paid him by the vendee upon the execution of the contract, agreed to sell to the vendee a certain piece of land situated in Honolulu described by metes and bounds and to execute and deliver unto the vendee a good and sufficient deed therefor, provided and upon the condition that the vendee pay to the vendor, his heirs or assigns, for the said land the total sum of $2700, payable as follows: $950 upon the execution of said contract, being the said sum of $950 hereinbefore referred to, and the balance of $1750 one year from the date of said contract, in regular monthly payments of not less than $20 each, the said sum of $1750 to bear interest at the rate of 5% per annum. There was a reciprocal covenant by the vendee to pay said balance as aforesaid.

According to the allegations of the bill, the vendee had, paid the vendor during the latter's lifetime on account of the balance of the purchase price and. interest, the sum of $231.25, and upon like account paid to the respondent Gaspar, prior to his appointment as administrator, the aggregate sum of $59.50, and to the attorneys of record of the administrator, during the absence of the administrator from the Territory, the sum of $46.33. No other or further payments appear. The bill further alleges that on the 26th of August, 1920, the day upon which the remaining balance of the purchase price and interest

became due, and during the continued absence of the administrator from the Territory, the vendee tendered the sum of $1485.42 at the office and place of business of the administrator and at the same time and place demanded that there be executed and delivered to him a deed in pursuance of the terms of said contract. A similar tender to and demand of the attorneys of the administrator were made immediately after the alleged tender made to the administrator.

The bill fails to allege, however, any facts from which it may be said that the respondent Gaspar prior to his appointment as administrator was authorized, either by operation of law or by act of the parties, to receive from the vendee any payments to be made by the latter under the terms of the contract. In the absence of any showing of such authority, the payments made to Gaspar cannot be credited to the vendee nor applied to the contract. The deduction of these payments to Gaspar from the credits claimed by the vendee on account of the contract of sale renders the aggregate of the cash payments and the respective alleged tenders made on August 26, 1920, less than the amount required of the vendee under the terms of the contract to fully pay and discharge the balance of the purchase price and interest then due. This being so, the bill fails to allege the performance or offer of performance by the vendee of the provisions of the contract and his covenant in respect to payment of the balance of the purchase price and interest upon which the obligation of the vendor, his heirs or assigns, to convey was conditional and is therefore fatally defective. See *Barbour* v. *Hickey,* 2 App. Cas. (D.C.) 207, 24 L. R. A. 763; *Wilken* v. *Voss,* 94 N. W. (Ia.) 1123.

This single ground of demurrer being well taken, the other grounds need not be considered.

The decree of the circuit judge sustaining the demur-

rer of the administrator to the amended bill of complaint is affirmed.

*O. P. Soares* (also on the brief) for petitioner.

*Marguerite K. Ashford* (also on the brief) for the administrator.